MEMORANDUM *
Plaintiffs Matthew and Christian Biscot-ti appeal the grant of summary judgment in favor of Defendants on their Fourteenth Amendment due process and California negligence claims arising out of the deadly shooting of Plaintiffs’ mother, Victoria Rogers-Vasselin, by Yuba City police officers on the doorstep of her home. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.
We reverse the district court’s decision to strike the statement by Lionel Lonnie Patterson in his declaration, attesting that the officers failed to identify themselves as police prior to shooting Ms. Vasselin. The district court abused its discretion in determining that Mr. Patterson’s statement lacked foundation, where evidence in the record showed that Mr. Patterson was physically present at the house during the entire sequence of events and stood between the officers and Ms. Vasselin when she was killed. See Fed. R.Evid. 701(a). The district court also improperly invaded the province of the jury to the extent that it relied on Mr. Patterson’s intoxication at the time of the shooting to strike his statement. Sabari v. United States, 333 F.2d 1019, 1021 (9th *421 Cir.1964) (that witnesses were intoxicated does not render their testimony inadmissible). It was for the jury, not the court, to evaluate Mr. Patterson’s intoxication in determining what weight to assign his testimony. Id.
We affirm the district court’s grant of summary judgment in favor of Defendants on Plaintiffs’ claim that the officers violated their liberty interests in the companionship of their mother under the Fourteenth Amendment’s due process clause. Police conduct shocks the conscience in violation of due process if undertaken with (1) deliberate indifference or (2) a purpose to harm unrelated to legitimate law enforcement objectives. See A.D. v. Cal. Highway Patrol 712 F.3d 446, 453 (9th Cir.2013). Plaintiffs’ claim fails under either standard. Under the former, the officers are protected by qualified immunity because no clearly established law at the time of their actions put them on notice that their pre-shooting conduct was in violation of due process. See Pearson v. Callahan, 555 U.S. 223, 243-44, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); Mullenix v. Luna, — U.S. -, 136 S.Ct. 305, 308, 312, 193 L,Ed.2d 255 (2015) (per curiam) (officer not entitled to qualified immunity because “existing precedent” did not place the “constitutional question beyond debate”) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)). Under the latter, there is no evidence in the record from which a reasonable jury could infer that the officers’ “actions were undertaken to ‘induce ... lawlessness, or to terrorize, cause harm, or kill’ ” Ms. Vasselin. Porter v. Osborn, 546 F.3d 1131, 1141 (9th Cir.2008) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 855, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)) (alteration in original).
We reverse the district court’s grant of summary judgment on Plaintiffs’ negligence claim. Plaintiffs’ pleadings incorporated into their negligence claim factual averments about the officers’ conduct leading up the shooting.[1]- Under the California Supreme Court’s decision in Hayes v. County of San Diego, 57 Cal.4th 622, 160 Cal.Rptr.3d 684, 305 P.3d 252 (2013), the district court erred in declining to consider these pre-shooting circumstances in evaluating the officers’ negligence. “Law enforcement personnel’s tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability.” Id. 160 Cal.Rptr.3d 684, 305 P.3d at 263. This pre-shooting conduct is to be considered not in isolation but rather as “part of the totality of circumstances surrounding the fatal shooting.” Id. 160 Cal.Rptr.3d 684, 305 P.3d at 261; see also Grudt v. City of L.A., 2 Cal.3d 575, 86 Cal.Rptr. 465, 468 P.2d 825, 830-31 (1970) (in bank) (considering officers’ decisions about how to execute an arrest in evaluating .the reasonableness of their ultimate use of deadly force).
The California Supreme Court has emphasized that consideration of the “totality of the circumstances surrounding any use of deadly force” under California negligence law “is broader than federal Fourth *422 Amendment law, which tends to focus more narrowly on the moment when deadly force is used.” Hayes, 160 Cal.Rptr.3d 684, 305 P.3d at 263 (internal citations omitted). Thus, acts that may not incur constitutional liability under the Fourth Amendment’s “reasonableness” standard may be negligent under California tort law’s “reasonable care standard.” Id. 160 Cal.Rptr.3d 684, 305 P.3d at 262 (citing Billington v. Smith, 292 F.3d 1177, 1190 (9th Cir.2002)).
When the contested facts and inferences therefrom are viewed in Plaintiffs’ favor, as they must be at the summary judgment stage, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the totality of the relevant circumstances in this case include not only the events that took place once Ms. Vasselin emerged on her porch with a shotgun in hand, but also the officers’ preshooting tactical decisions that obscured their law enforcement identity and increased the likelihood of a violent and deadly encounter. Taken in the light most favorable to Plaintiffs, the sweep of relevant facts includes the officers’ knowledge that their planned visit to the house would be after dark and that at least one occupant had been armed and intoxicated earlier that evening. The officers did not park in front of the house, where a marked car would have been visible, but instead approached from the side, wearing dark uniforms and without announcing themselves as police officers. The officers stood behind pillars, further obscuring their law enforcement identity, and several of them shouted imperceptible orders at Ms. Vasselin when she opened the door. In the process, they failed to inform Ms. Vasselin that they would shoot if she did not comply with their commands.
Viewing the evidence as a whole, we conclude that there is a triable issue as to whether the officers’ ultimate use of deadly force was reasonable under California negligence law. See, e.g., Grudt, 86 Cal.Rptr. 465, 468 P.2d at 830-31 (triable issue where plainclothes officers acted so as to make a driver think he was being robbed); Munoz v. Olin, 24 Cal.3d 629, 156 Cal.Rptr. 727, 596 P.2d 1143, 1148 (1979) (“failure [to] adequately ... warn [decedent] and to attempt other means to apprehend him” supported jury’s negligence finding); George v. Morris, 736 F.3d 829, 837-39 (9th Cir.2013) (triable issue where plaintiffs version of the facts showed decedent did not pose an immediate threat when shot). In reaching this conclusion, we express no view on what the jury’s verdict should be. Rather, we ask at this stage of the proceedings only whether a rational trier of fact could find that the officers failed to live up to their duty to exercise reasonable care. See Nelson v. City of Davis, 571 F.3d 924, 927 (9th Cir.2009). Because we find that question must be answered in the affirmative, Plaintiffs are entitled to present their case to a jury.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publica- . tion and is not precedent except as provided by 9th Cir. R. 36-3.

. We therefore disagree with the district court that Plaintiffs' complaint failed to give Defendants fair notice that their negligence claim relied, in part, on pre-shooting conduct. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only ‘a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to ‘give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' ”) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in original). Indeed Defendants conceded as much at the summary judgment hearing.